# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01323-MEMF-MBK | Date | April 23, 2026 |
|---|---|---|---|
| Title | Soto v. Animal Friends of the Valleys | | |

| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings:**     ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND DISMISSAL OF THE COMPLAINT AS DUPLICATIVE

In this civil rights action, Plaintiff Julian Soto, a self-represented litigant, sues Animal Friends of the Valleys ("Animal Friends") for various civil rights violations arising from acts and omissions allegedly committed in conjunction with the Riverside County Sheriff's Department.

On March 30, 2026, Plaintiff filed his Complaint and a request to proceed *in forma pauperis* ("IFP"). Dkt. 1, 2. Because Plaintiff seeks to proceed IFP, the Court has preliminarily screened the Complaint to determine whether the claims are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek damages from defendants who are immune. A review of the Complaint reveals that Plaintiff's claims are duplicative of those made by the Plaintiff in *Soto v. Riverside County Sheriff's Department*, 5:26-cv-00771-MEMF-MBK ("*Soto I*"). **Plaintiff is ordered to show cause why the Magistrate Judge should not recommend dismissal of his complaint on this basis by May 13, 2026.**

## LEGAL STANDARD

Where a plaintiff seeks permission to proceed *in forma pauperis*, the Court is required to review the complaint and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01323-MEMF-MBK | Date | April 23, 2026 |
|---|---|---|---|
| Title | Soto v. Animal Friends of the Valleys | | |

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Wilson v. Craver*, 994 F.3d 1085, 1089-90 (9th Cir. 2021). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court may not, though, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Additionally, dismissal is appropriate where a complaint does not comply with the notice pleading requirements of Federal Rules of Civil Procedure Rule 8(a)(2), which requires a party to plead "a short and plain statement of the claim showing that the pleader is entitled to relief" from a defendant. A complaint must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

### DISCUSSION

Previously, on February 18, 2026, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 naming only the Riverside County Sheriff's Department as a defendant. *See Soto I.* The operative Second Amended Complaint in *Soto I* contains substantially similar allegations of fact and causes of action as the complaint in this case, including alleged wrongs committed by Animal Friends (although Animal Friends is not officially named as a defendant in *Soto*).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01323-MEMF-MBK | Date | April 23, 2026 |
|---|---|---|---|
| Title | Soto v. Animal Friends of the Valleys | | |

A complaint may be dismissed as frivolous if it merely "repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations and internal quotations omitted). "A duplicative action, arising from the same series of events and alleging many of the same facts as an earlier suit may be dismissed as frivolous or malicious under Section 1915(e)." *Flores v. California Highway Patrol*, No. 5:25-cv-00202-MWC-PD, 2025 WL 934441, at *1 (C.D. Cal. Mar. 26, 2025) (quoting *Lewis v. Ugwueze*, 2020 WL 5899515, at *1 (E.D. Cal. Sep. 9, 2020)). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 688 (9th Cir. 2007).

In assessing whether the second action is duplicative of the first, the court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Flores*, 2025 WL 934441, at *2 (quoting *Parker v. Yates*, 2012 WL 3912958, at *1 (E.D. Cal. Sept. 7, 2012)). According the Plaintiff, "Animal Friends" is "an Animal Shelter with city contracts for Animal Control services in the cities of Temecula, Murrieta, Wildomar, Lake Elisnore, Canyon Lake, Menifee and surrounding rural areas within the State of California." Dkt. 1 at 2. Plaintiff alleges that "[a]s a result of Mr. Soto's first-hand insight into law enforcement, intelligence, and national security, the whistleblowing-nature into enforcement practices & culture had created a policy of selective enforcement that has been retaliatory, threatening and intimidating in design–to include the use of limited enforcement entities, such as Animal Control, by the [Riverside Sheriff's Office]." *Id.* at 12. Both the complaint in this action and the operative Second Amended Complaint in *Soto I* allege that the Riverside Sheriff's Department and Animal Control are entwined and colluding to violate Plaintiff's civil rights. *See* Dkt.1 and *Soto I* Dkt. 17.

Upon review, it would appear that this case is subject to dismissal as duplicative of *Soto I*. While Animal Friends is not named as a defendant in *Soto I*, there does not appear to be any reason why Plaintiff could not amend his complaint in *Soto I* to add Animal Friends as a defendant, instead of maintaining this separate action against them.

For the foregoing reasons, Plaintiff is **ORDERED TO SHOW CAUSE by May 13, 2026**, why the Court should not recommend that the Complaint in this matter be dismissed as duplicative.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01323-MEMF-MBK | Date | April 23, 2026 |
|---|---|---|---|
| Title | Soto v. Animal Friends of the Valleys | | |

*Alternatively,* if Plaintiff no longer wishes to pursue this action, Plaintiff may elect to voluntarily dismiss the entire action under Federal Rule of Civil Procedure 41(a).

**Plaintiff is informed that the failure to file a timely response may result in the recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).**

\* \* \*

Plaintiff is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Plaintiff without filing and will not be considered by the Court.**

1. All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

2. Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

3. Plaintiff must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Plaintiff should keep a copy of any document sent to the Court.

4. After any defendant has filed an appearance in this action, Plaintiff must file any future document with the Court and serve it on Defendant(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Plaintiff must attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01323-MEMF-MBK | Date | April 23, 2026 |
|---|---|---|---|
| Title | Soto v. Animal Friends of the Valleys | | |

5. At the top of the first page of any document sent to the Court, Plaintiff must give his or her name and mailing address, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

> *Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address*: A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

**IT IS SO ORDERED.**